UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN P. MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:05-CV-427-FRB |
| ) | |
| CITY OF EUREKA and STATE OF ) | |
| MISSOURI, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND MEMORANDUM

This matter is before the Court on the application of Kevin P. Miller for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss an action filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### Notice of Removal

Plaintiff brings this action, entitled "Notice of Removal," seeking to remove Cause No. E.D. 83226 from the Missouri Court of Appeals. Apparently, plaintiff had filed an action in the St. Louis County Circuit Court, Cause No. 03cc-2360, against the City of Eureka and State of Missouri. Plaintiff states that the state court action was a "civil complaint surrounding in tort; for negligence." He complains that the "circuit court's determination doesn't provide little, if any levy to" relevant case law, and that the Missouri Court of Appeals "rejected [his] petition for review without opinion," and denied his motion for rehearing and application for transfer to the Missouri Supreme Court, thus violating his Fourteenth Amendment Equal Protection rights.

Plaintiff's attempt to remove this action fails for several reasons. First, removal is a procedure for "[a] defendant or

2

defendants desiring to remove [an action] from a State court." 28 U.S.C. § 1446(a). Kevin P. Miller was a plaintiff, not a defendant, in the underlying state action for which he seeks removal. Second, plaintiff is attempting to remove a case that has been ruled upon by the St. Louis County Circuit Court, as well as the Missouri Court of Appeals. This is impermissible.[1]

Because the Court determines that plaintiff's attempt to remove the aforementioned civil action to federal court lacks legal merit and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), remand under 28 U.S.C. § 1447 is unnecessary. See Headd v. Headd, 37 F.3d 1503 (table) (unpublished), 1994 WL 558185 (8th Cir. 1994).

## 42 U.S.C. §§ 1981 and 1983

In his "Notice of Removal," plaintiff appears to be attempting to bring an action pursuant to 42 U.S.C. §§ 1981 and 1983 against

---

[1] To the extent that plaintiff is, in effect, seeking federal review of a state court's judgment against him, this Court lacks subject matter jurisdiction over the action. Cf. Ernst v. Child and Youth Serv. of Chester County, 108 F.3d 486, 491 (3d Cir. 1997) (no federal jurisdiction over "functional equivalent" of appeal from state court judgment). Moreover, pursuant to the Rooker-Feldman doctrine, "[f]ederal district courts are prohibited from exercising jurisdiction over appeals from state court decisions and general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court." Ace Construction v. City of St. Louis, 263 F.3d 831, 833 (8th Cir. 2001). An action is, in effect, an appeal of the state court judgment "[i]f the federal court can only provide relief by determining that the state court was wrong." Id. "Litigants who believe that a state judicial proceeding has violated their constitutional rights must appeal that decision through their state courts and then to the Supreme Court." Centres, Inc. v. Town of Brookfield, Wis., 148 F.3d 699, 702 (7th Cir. 1998).

3

the State of Missouri and "Missouri State Courts." He states that this "[c]ase involves inalienable rights and liberties of plaintiff and the failure of Missouri State Courts to secure the same rights as it would for any United States or Missouri citizen." He further states that the State of Missouri acted "in bad faith and with ill intent under the color of law to defeat plaintiff for the sole purpose of defamation to character, fraud and discrimination." Because the procedural posture of the case at bar is an attempted removal from state court of a civil action for negligence against the City of Eureka and State of Missouri, the Court will not consider, in the instant case, the merits of a § 1981 and §1983 action against the State of Missouri of Missouri State Courts.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's request to remove this action is **DENIED**.

An appropriate order shall accompany this order and memorandum.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 20th day of June, 2005.

4